NO. 07-12-0467-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 1, 2013
_____

IN THE MATTER OF R.D.C., A JUVENILE
_____

FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY;

NO. J-29,697; HONORABLE DARLENE BYRNE, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, R.D.C., a juvenile, appeals from the trial court's *Order of Transfer to the Institutional Division of the Texas Department of Criminal Justice.* The reporter's record was filed on December 20, 2012, but the clerk's record, which was due that same date, has yet to be filed. By letter dated January 2, 2013, the Travis County District Clerk was notified of the defect and asked to advise this Court of the status of the clerk's record no later than January 14, 2013. To date, neither a motion for extension of time nor the clerk's record has been filed.

The trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record once a notice of appeal is filed and payment has been made for the record or the party responsible for paying is entitled to proceed without payment. TEX. R. APP. P. 35.3(a). Additionally, trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *Id.* at 35.3(c).

Given the information available to this Court, we now abate this appeal and remand the cause to the trial court for further proceedings. *Id.* Upon remand, the trial court shall utilize whatever means necessary to determine the reasons for the delay in the filing of the clerk's record and take such action as is necessary to ensure the filing of the clerk's record on or before March 4, 2013. The trial court shall enter findings of fact and conclusions of law and shall cause its findings, conclusions and any necessary orders to be included in the clerk's record.

It is so ordered.

Per Curiam